May it please the Court. On this one, I would also like to reserve two minutes. I'll try to be better on not going over on the first argument. This case comes to the Court on a dismissal, on actually a judgment on the pleadings. And here the Court took judicial notice with respect to the fact that the appellant could not be accommodated. And, you know, I think this is a completely outrageous ruling. Judicial notice, it's clear from the law that you just can't take judicial notice on. It has to be something that the that But how about if we change the vocabulary and say either judicial estoppel or Cleveland? Well, yeah, and I got the ruling from the Court to discuss Cleveland, but I mean, I don't even think this Court, this case gets to Cleveland. I mean, first you have to have a basis to judicially notice something. This was clearly, this is a fact of the case, whether she could be accommodated. So because she signed some settlement agreement, and in fact, the how the vocational rehab works, to even get into vocational rehab, the statute clearly says that a doctor has to say that the individual cannot go back to their other job. So here, you know, she signed a settlement on the vocational rehab, but the settlement said nothing different than the statute, that you have to make a determination that the individual could not be accommodated in their job. Well, counsel, it does say something different than the statute. The settlement agreement says Clark County can't accommodate her disability. And that's their position. That's always been their position. She signed the stipulation. It was a stipulation entered into by the parties, and the Court can look at it just like it looked a minute ago when you were up and we were looking at the Smith case. The Court can look at it for the same reasons it was looking at it under Cleveland. So isn't this – I grant you under Cleveland, your client needs to be given an opportunity to explain, but what is her explanation as to why this is not directly inconsistent with her ADA claim? Yeah, well, why this isn't consistent with Cleveland is very simple. I mean, Cleveland, if you look at the Cleveland case, the individual there had, I think, three different opportunities where she said she was totally disabled. Here, my client didn't say it once. All she did was sign a settlement agreement. And again, this was the statute. The statute, on point, says that there has to – that she had to have been found not able to return to her other job, even with the accommodation, until you even get to the vocational rehab. So here – Counsel, it's Judge Gould, if I could ask you a question on this. Can a – can a decision whether a person has given a sufficient explanation of an inconsistency to satisfy Cleveland, can that issue be decided on judgment on the pleadings under Rule 12c? Are there any cases in which that's been done, or does it have to go to a summary judgment procedure? Well, I mean, I haven't found any cases. But because you bring up the issue, it would seem hard at a judgment of the pleadings or a motion to dismiss stage, because at that stage, you haven't really done any discovery to get into whether accommodations was – were possible or any issues that Cleveland might address. So – so, I mean, that's one of the real problems I have here, that right out of the gate, the judge dismisses. And – and that's why I have a problem if a Cleveland analysis is given here, because, again, with respect to the issue of accommodations, my client is – everything she said – and, again, you don't have the benefit of all the discovery that we were able to do – says that she never agreed that she couldn't be accommodated. Her position is exactly opposite of that position. Counsel, does her – does her complaint allege that she's a qualified person capable of serving as a juvenile probation officer? Well, again, I noticed that in the district court's ruling. I don't think that that's a – I mean – I mean, it did allege that she was – that the ADA was violated. I mean, I don't know if there was a specific allegation that she was a qualified individual. I don't think there is. I didn't see it. But is your response that that would – that would be subject to a – she would have an opportunity to amend her complaint to make that allegation? Because I don't think she's made it. Well, I mean, I've never even had that brought up before, that that – that that wasn't in the pleading. I mean, it's always – and I've never – I haven't found any cases that you – that says specifically the fact that an individual is a qualified individual has to be pled. But, I mean, I'm – yeah, that could be something, I guess, if needed, could be amended into the complaint. But so, at any rate, you know, getting back to my arguments, with respect to, you know, again, the judicial notice issue is key here. A court cannot just issue a judicial notice when that – when it's – when the facts are disputed as to that issue. I mean, the court – there is case law that says the court can do judicial notice, for example, here, the settlement agreement, but not the facts that are included in it, including here what they tried to – Well, let me see if I can straighten it – straighten out my own head on this one. It seems to me that the judge is perfectly entitled to take judicial notice of the document. Of the – correct. But what the document – what the legal consequences of the document are, that's a different question. And I think once we get to that point, I'm back into the land of whether or not there's judicial estoppel, having taken one position advantageous in one proceeding and then in a different proceeding taking a different position because the different position is advantageous. So there's a judicial estoppel argument. But there's also a Cleveland argument, and Cleveland works a little bit differently from judicial estoppel. But I don't see any difficulty of taking judicial notice of the document itself. The only question is what's the consequence. And I would agree completely on that. Yeah. And I think my time is up, so I'll reserve the rest for rebuttal. Good morning, Your Honors. Rob Freeman here on behalf of Clark County. You know why we're here. We're here because of – as a result of the district court judge's grant of judgment on the pleadings of Cassandra Emerson's ADA claim. It's – the basis of that was the inconsistent position she took with respect to her parallel workers' comp claim and the ADA claim. And Judge Hunt believed, and I agree, that those inconsistent positions resulted in the inescapable conclusion that he drew, that she just couldn't be a qualified individual under the Americans with Disabilities Act. Counsel, Judge Gould, just to tell you what's bothering me here. How can she give an explanation that's then reviewed for whether it's a sufficient explanation of inconsistency under Cleveland if the procedure is a judgment on the pleadings? Well, I – I can understand it if it's in the summary judgment proceeding, but how can it be done under 12C? Well, I understand your question, Your Honor. I, too, like Mr. Balaban, was not able to find a Rule 12 motion that disposed of a case on judicial estoppel. But Mrs. Emerson is nothing like Carolyn Cleveland. Her disability – Carolyn Cleveland's disability was by definition temporary. She was going to get better. In fact, she got better in return to her job. Mrs. Emerson's disability certified by her doctor was permanent. She was never going to be able to come back and do the job that she had before with or without an accommodation. Do we have evidence in the record as to the nature of her disability, or do we just have the complaint? What evidence? What do we have? What we have is the complaint. The complaint's pretty short. I just reread it and it took me about 30 seconds. Yeah. The complaint is pretty short. And it didn't – and I didn't see anything quite resembling what you just told me it said about her doctor. It said she's never coming back. Well, I might have developed it a little bit more than I'm entitled to. But at paragraph 11 of the complaint, it says, I'm sorry. Where are you reading? I'm reading at Supplemental EOR 65. Yeah. Okay. Okay. The first paragraph at the top, paragraph 11. Modify duty with restrictions that the restrictions were permanent. Okay. That doesn't tell me that she's totally and permanently disabled and can't work.      Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay.    Well, I don't think you have some restrictions. And I don't know what they are. Well – and I do. But the restrictions were such that she – in previous paragraphs, she had injured her back. She had back surgery. She was never going to be able to be a juvenile probation officer two again. She was never going to be able to be accommodated within the county. And counsel takes that stipulation settlement agreement and kind of takes it in isolation. But the way that the Nevada workers' comp system works is you don't get there until you've already determined that the county can't accommodate her. You know, obviously being the county's best interest, if they could go through the priorities of workers' comp and get her back to work for them. They were not able to get her back to work for them. And so under state law, they're obligated to put her into vocational rehab to try to get her ready to work for someone. She got there. So by getting there, she's – there's an acknowledgement that by getting there, she can't be accommodated and returned to work for the county. When you say getting there, you mean got to step five. Got to step five. Got to vocational rehab. Well, I appreciate that. And I – and it may be that ultimately she won't prevail, but I don't know that. I'm back to – this is Judge Gould's question, really, because this is not a summary judgment motion. And I'm concerned that the motion that you all filed really talked about the doctrine of judicial – of collateral estoppel, rather. So then we have, by way of, of course, Cleveland, she's supposed to be given an opportunity to explain. So not only are we not at summary judgment, but her lawyer was really responding to a collateral estoppel argument. And then you get into this, of course, comparison of apples to oranges. So I'm concerned about at what point is she to be given an opportunity to explain. It may well be an inconsistent statement. I mean, I've got a problem with the statement, but doesn't she get a chance? Well, in Cleveland, Mrs. Cleveland was given that opportunity to explain because what she was saying, and I think that this is a pretty nuanced position, but she was saying, I'm disabled, but her disability was clearly not permanent. She did have an explanation. She offered, I'm going to get better. In our case, we're not talking about differing definitions of disability. We're not talking about whether disability means something under Social Security or the PER system as we were before or under the ADA. We're talking about another word, a different word, accommodation. Accommodation means you can fix my job or I can do it. She had already decided she can't do that. So not only is there no explanation, I question whether there could be an explanation and I, that would have to be the county's position. I don't think she can have an explanation if she's already said you can't accommodate me. But it's hard for me. I mean, I confess that I had not focused, as Judge Gould did, on the fact that this is 12C. But once I focus on that, I'm a little hesitant to conclude sort of on my own that it's impossible for her to provide an explanation. It would seem to me a sensible thing to let's hear the explanation and then we can decide if it's any good. And I'm trying to imagine what it would be. If you've said, if you've said in parallel litigation. It's hard to go to someone who opposes the position and ask that person what would be the explanation. You're not the right person to ask. But I'm understanding the county's position. But there hasn't been one. Have you heard? I haven't heard an explanation. You're not at summary judgment yet. I understand. So I'm understanding for purposes of oral argument today that your position is that there couldn't be one, because it's a straight-up statement that she cannot be accommodated by this employer for this position. Is that right? Yeah, there couldn't be one. All right. I guess I don't have anything further to say, so I'll sit down. Yes, just briefly. You know, again, I think the Court has hit it on the head with respect to the – on summary judgment it might be different. We haven't got to develop anything yet, because right out of the gate the case is dismissed. But there is a complaint that says that whatever injury she's got is a permanent injury, and I mean, just to play devil's advocate, they've got that, and they've got a statement unlike the Smith case that we talked about a minute ago that says that it's permanent, and it says that this employer cannot accommodate her for this injury. Well – So it's a – it's not a specious argument. Yeah. But again, I mean, accommodations, when you look at accommodations, you look at accommodations for the job that the person performed and alternative jobs, and the discovery is going to show that there was a lot of alternative jobs, and they just didn't want to accommodate her for whatever reason and medically separate her. So there would be an explanation on summary judgment. And accommodation, I think, can include accommodation with different jobs by the same employer. It doesn't necessarily mean she has to go back and there's somebody who walks around as a guard in front of the cells. Correct. And you're dealing with Clark County here. They're the biggest employer in the State, and the cases are clear that you not only – you don't only look at the department of Clark County that she was in. You could look at the whole Clark County, which is, again, one, if not the biggest employer in Nevada. So – Right. The statute speaks to the job she has or the job she desires, right? The job – no, it speaks to the job she has, not desires. The desired job could be other jobs that could accommodate her. That might have been another time to say yes. Yeah. Wow. Okay. Okay. Thank you. Okay. I think that's it. Thank you. Thank both sides for their arguments. The case of Amerson v. Clark County is now submitted for decision. Okay. Thank you.
judges: Fletcher, Gould, Christen